IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONALD PATRICK HOOKS, | ) | C.A. No. 4:09-cv-70035 |
| | ) | Crim. No. 4:04-640 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on petitioner Donald Patrick Hooks' (hereinafter "Hooks" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to three counts of the Indictment filed June 22, 2004. As the record reflects, Donald Patrick Hooks and two codefendants are named in a six-count Indictment filed in the District of South Carolina, Florence Division, on June 22, 2004. Mr. Hooks is named in Counts 1, 2, 3, 4, and 6. Count 1 charges that from in or about July of 2003, and continuing thereafter up to and including the date of this indictment, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], knowingly and willfully did combine, conspire, confederate, agree, and have tacit understanding with various other persons, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); all in violation of 21 U.S.C. § 846. Count 2 charges that on or about July 31, 2003, in the District of South

1

Carolina, the defendants, [including Donald Patrick Hooks], knowingly did use and carry a firearm, during and in relation to, and did possess the firearm in furtherance of the drug trafficking crime charged in Count 1 of this Indictment; in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count 3 charges that on or about August 4, 2003, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], with the intent to cause death and serious bodily harm, did by force, violence, and intimidation take from the person and presence of another, a motor vehicle that had been transported in interstate commerce, that is, a 2003 Chevrolet Tahoe; in violation of 18 U.S.C. §§ 2119(1) and 2. Count 4 charges that on or about August 4, 2003, in the District of South Carolina, the defendants, [including Donald Patrick Hooks], knowingly did use and carry a firearm, during and in relation to, and did possess the firearm in furtherance of the crime of violence charged in Count 3 of this Indictment; in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count 6 charges that from on or about July 30, 2003, through on or about August 4, 2003, in the District of South Carolina, the defendant, Donald Patrick Hooks, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Browning .22 caliber pistol and .22 caliber ammunition, all of which had been shipped and transported in interstate commerce; in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

On February 8, 2005, the defendant appeared in U.S. District Court before U.S. District Court Judge Terry L. Wooten and entered a plea of guilty to Counts 3, 4, and 6 of the indictment. On August 10, 2005, the Court sentenced the Defendant to a total term of one hundred sixty-nine (169) months (85 months as to Counts 3 and 6, such terms to run concurrently and 84 months as to Count 4, to run consecutively), and a term of supervised release of five years (3 years as to Counts

3 and 6 and 5 years as to Count 4, all such terms to run concurrently). (Doc. # 91).

On August 17, 2005, Defendant/Petitioner appealed his sentence. (Doc. # 87). On February 6, 2007, the Fourth Circuit denied his appeal and affirmed this Court's sentence. (Doc. # 114). The Mandate was issued on February 28, 2007. (Doc. # 115). The government indicates that petitioner filed a pro se petition for writ of certiorari, which was denied by the United States Supreme Court on October 1, 2007.

On April 2, 2009, the Petitioner filed the present action, with supporting memorandum, alleging two grounds for relief. (Docs. # 117). On July 29, 2009, the Government answered the petition and filed both a motion to dismiss, as well as a motion for summary judgment. (Docs. # 120, 121, & 122). On September 4, 2009, Petitioner, through counsel, requested an extension of time to respond to the government's motion for summary judgment. (Doc. # 123). This request was granted On September 11, 2009. (Doc. # 124). Thereafter, an affidavit by Petitioner was filed on November 9, 2009. (Doc. # 126). Additionally, Petitioner also filed a handwritten letter on January 14, 2009. (Doc. # 129). Finding this matter ripe for decision, the Court has carefully considered the pleadings, affidavits and documents filed in support of and opposition to the Government's motions and grants the same in favor of the Government .

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized

by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The government has filed a motion for summary judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

As an initial matter the government asserts that Hooks' Section 2255 motion filed on April 2, 2009 is untimely. The government indicates that petitioner filed a pro se petition for writ of certiorari, which was denied by the United States Supreme Court on October 1, 2007. Accordingly, the government argues that petitioner could have applied for relief under 28 U.S.C. § 2255 until October 1, 2008. However, since his petition was not filed until April 2, 2009, the government asserts that petitioner's petition is time-barred. In his memorandum in support of his § 2255 petition, defendant indicates that he "concedes that the instant motion is brought beyond the time limit set forth in the applicable statute of limitations." (Doc. # 117-1, Memo in support at p. 3). "However, petitioner asserts that the doctrine of equitable tolling should apply to allow petitioner to file outside

5

the statute of limitations and proceed to the merits of his motion." Id. In an affidavit filed November 9, 2009 the petitioner indicates as follows:

Petitioner, Donald Patrick Hooks, hereby deposes and says that:

1. Shortly after my appeal, the Bureau of Prisons removed all of my legal materials from my possession.

2. As a result of the denial of access to my legal materials, I was unable to file the current § 2255 motion within the one-year statute of limitations.

3. Due to these circumstances beyond my control, I respectfully ask the court to equitably toll the statute of limitations in my case and review my § 2255 motion on the merits.

(Doc. # 125).

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

28 U.S.C.A § 2244(d)(1).

It appears that there is no dispute in this case that the statute of limitations on petitioner's filing of a § 2255 motion has expired. Claims filed under § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of four potential events. The applicable event here was "the date on which the judgment of conviction becomes final." 28U.S.C. § 2255(f)(1). Petitioner's conviction became final when the Supreme Court denied his petition for certiorari, October 1, 2007. Consequently, the limitation period for petitioner to file a claim under § 2255 ended on October 1, 2008. There is no credible evidence before the court that petitioner filed his motion to vacate any time prior to April 2, 2009. This filing was, therefore, untimely, and absent some equitable tolling should be dismissed.

The Fourth Circuit has made clear that courts are to be circumspect in their application of equitable tolling of statutes of limitation, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000). As the Fourth Circuit stated in Hutchinson:

> [t]o apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

In considering the parties respective positions, the Court finds the case of Murphy v. U.S.,

2009 WL 2579648, 3 (E.D.N.C. 2009) instructive. In Murphy, the District Court adopted the Memorandum and Recommendation of the Magistrate Judge which recommended that respondent's motion for summary judgment be granted on the grounds that petitioner's motion to vacate was made outside of the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The District Court indicated that "courts have held that lack of access to legal materials while in prison and the lock-down status of a prison preventing access to legal materials are not reasons for a court to invoke equitable tolling." Murphy v. U.S., 2009 WL 2579648, 3 (E.D.N.C. 2009). "Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling." Id. This Court finds the analysis in Murphy persuasive and concludes that this is not one of those "rare instances" contemplated in Harris, where the Court should apply equitable tolling.

Out of an abundance of caution, the Court will briefly address petitioner's claims on the merits should his petition be deemed timely. In his petition, petitioner asserts the following grounds for relief, set forth verbatim:

1. Petitioner seeks to withdraw his guilty plea because Petitioner never intended to plead guilty to being an "armed career offender" under 18 U.S.C. Section 924(e) and was not advised by counsel or the court during the plea hearing that he was pleading guilty to a violation of 18 U.S.C. Section 924(e). To the extent that Petitioner should have previously raised this issue, Petitioner asserts that his trial and/or appellate counsel were ineffective for failing to raise the issue depriving Petitioner of his Sixth Amendment right to counsel.

8

2. Petitioner seeks to vacate his sentence because his trial counsel was constitutionally ineffective for failing to object to the Trial Judge's misapplication of the sentencing guidelines. The Trial Judge erred by simultaneously applying an enhancement for obstruction of justice and a reduction for acceptance of responsibility.

Essentially, petitioner asserts that his lawyer was ineffective for (1) not objecting to defendant being sentenced as an Armed Career Criminal and (2) allowing defendant to receive an obstruction of justice enhancement and acceptance of responsibility, which would generally be inapposite. In both grounds for relief, petitioner alleges that he received effective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate

    the conduct from counsel's perspective at the time.

    Id. at 689.

The government asserts that petitioner's allegations against his attorney are baseless. This Court agrees. After careful review of the entire record in this case, including defendant's presentence investigation report, judgment and statement of reasons, the Court makes the following findings. Petitioner was not sentenced as an Armed Career Criminal, which would have necessitated a sentence of at least 15 years imprisonment. See Petitioners Presentence Investigation Report Doc. # 86. Second, the fact that petitioner received acceptance of responsibility for pleading guilty, even though he received an obstruction of justice enhancement for threatening his co-defendant, was to his benefit not his detriment. Initially, petitioner's Presentence Investigation Report contained an obstruction of justice enhancement and no reduction for acceptance of responsibility, and petitioner, through his attorney, filed objections to his Presentence Report, which included an objection to the obstruction of justice enhancement. At sentencing, however, petitioner and his attorney reached an agreement with the Government wherein petitioner withdrew his objections to the Presentence Report in exchange for the Government recommending three levels for acceptance of responsibility. See Sentencing transcript pp. 2-5 Doc. # 100. The Court accepted the agreement reached by the parties and sentenced petitioner accordingly. Id.

The Court has carefully considered the assertions of petitioner, the arguments of the government and the record in this case. The Court finds the government's arguments to be sufficiently persuasive. Petitioner's burden as outlined above under Strickland is two-pronged, and this Court is not sufficiently persuaded that he has satisfied either prong in relation to the ineffective

assistance of counsel claims raised in his petition.

CONCLUSION

For all of the reasons cited above, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED.** As an initial matter**,** the Court concludes that petitioner's § 2255 petition should be dismissed as untimely filed. Accordingly, respondent's motion to dismiss is **GRANTED**. (Doc. # 120). In the alternative, the Court concludes that Respondent's motion for summary judgment should be **GRANTED** (Doc. # 122). Under either ruling, this matter is hereby **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                                 s/ Terry L. Wooten

February 9, 2010                              **TERRY L. WOOTEN**
Florence, South Carolina              **UNITED STATES DISTRICT COURT JUDGE**